## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-449-HE |
| ) | |
| JAMES RUDEK, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action alleging violations of his civil rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). At issue is Plaintiff's failure to serve Defendants Rudek, Brashears and Stoinsky. After careful consideration, the undersigned recommends dismissal of these individuals without prejudice.

Although he appears *pro se*, Plaintiff is responsible for serving each named party with a summons and a copy of the Complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was *pro se*, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). On July 18, 2012, the undersigned informed Plaintiff of his duty to serve Defendants, *see* Order [Doc. No. 12], and Plaintiff had 120 days to accomplish the task. *See* Fed. R. Civ. P. 4(m).

In September 2012, Plaintiff unsuccessfully attempted service on Defendants Rudek, Brashears and Stoinsky. *See* Doc. No. 24, pp. 1-4. According to service papers, Defendants Rudek and Defendant Brashers are no longer employees of their respective prisons and

Defendant Stoinsky is on administrative leave. *See id.* Plaintiff has not made any apparent attempt to locate these Defendants.

Regardless of his initial attempt, these individuals have not been served, and Plaintiff's 120 days expired on November 15, 2012. Accordingly, the undersigned must determine whether the record reflects "good cause" for an extension of time. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The first factor to be considered is whether the statute of limitations would bar refiling of the claims against Defendants Rudek, Brashears and Stoinsky. *See id.* at 842. Defendant Rudek's conduct is not specifically described in the Complaint, but the undersigned assumes that his alleged liability stems from the September 14, 2011, incident which resulted in Plaintiff's misconduct report. *See* Complaint, pp. 1-4 [Doc. No. 1]. Defendants Stoinsky and Brashears' alleged conduct occurred thereafter. *See id.*, pp. 4-8.

With a two-year limitations period for the Section 1983 claims,[1] Plaintiff would have at least until September 14, 2013, to reassert his claims against these individuals. With remaining time,[2] this factor weighs against an extension of time for service.

---

[1] The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions. *See Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010). In Oklahoma, the limitations period for Section 1983 actions is two years. *See* Okla Stat. tit. 12 § 95(A)(3) (2010 supp.); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

[2] Additionally, because the Complaint was timely filed and because there is no federal statute of limitations for § 1983, the Oklahoma savings statute would give Plaintiff one year after a dismissal to refile the claims Defendants Rudek, Brashears and Stoinsky. *See* Okla. Stat. tit. 12 § 100 (2011); *see also Brown v. Hartshorne Public School District No. 1*, 926 F.2d 959, 962 (10th Cir. 1991)(finding the limitations periods in § 1983 suits determinable by reference to appropriate state

The second factor is whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. Here, the lack of service does not involve the United States.

Third, the undersigned must consider whether Defendants Rudek, Brashears and Stoinsky are avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)). Here, the record demonstrates that Defendants Rudek and Brashears are not current prison employees, and Defendant Stoinsky is deployed outside of the country.[3] Thus, it is unlikely that these individuals are even aware of the lawsuit. In any event, the record does not include any evidence regarding evasion of service.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The undersigned Magistrate Judge finds that Defendants Rudek, Brashears and Stoinsky have not been served within the time allowed and based on the factors discussed above, "good cause" does not exist for an extension of time to serve the parties. Thus, the undersigned recommends that Defendants Rudek, Brashears and Stoinsky be dismissed without prejudice.

---

statute of limitations tolling rules, to include a state's savings provision) (citations omitted) (*abrogated on other grounds as stated in Keeler v. Cereal Food Processors*, 250 Fed. Appx. 857, 860-61 (10th Cir. 2007)).

[3] In an unrelated motion, counsel for Defendants at the Lawton Correctional Facility notes that Defendant Stoinsky is currently deployed in Afghanistan. *See* Doc. No. 42, n.1.

The parties are advised of their right to object to this Report and Recommendation by February 20, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30 day of January, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE