## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DALE E. HARPER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-12-449-HE |
| | ) |
| **JAMES RUDEK, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this action alleging violations of his civil rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff's Amended Complaint[1] names various employees of the Department of Correction (DOC) and the Lawton Correctional Facility (LCF). Three of the LFC employees, Defendants Ainsworth, Bearden, and Chester, have filed a Motion to Dismiss/Motion for Summary Judgment. Defendants' Motion [Doc. No. 42]. Plaintiff has responded to the motion. Plaintiff's Response [Doc. No. 52] and Plaintiff's Response Brief [Doc. No. 54]. For the reasons that follow, the undersigned recommends that: 1) Defendant Bearden be granted summary judgment with respect to the claims raised in Count Two; 2) Defendant Ainsworth be granted summary judgment with respect to the claims raised in Count Three; and 3) Defendants Ainsworth, Bearden, and Chester be dismissed without prejudice from Counts Four and Five.

---

[1] Plaintiff's original Complaint was recently deemed amended to clarify that he was not suing Defendants in their official capacities and to identify "Defendant T.M." as Tracy McCollum. *See* Order, p. 1 [Doc. No. 66].

**Plaintiff's Amended Complaint**

Plaintiff's Amended Complaint raises five counts and names eight different defendants. *See* Amended Complaint, pp. 1-9 [Doc. No. 1].[2] In Count One, Plaintiff alleges that a misconduct charge for menacing was brought against him in retaliation for his filing of certain grievances. *See id.*, pp. 4-6. This claim does not involve the movants - Defendants Ainsworth, Bearden or Chester - and therefore has not been addressed herein.[3] In Count Two, Plaintiff claims that Defendant Bearden found him guilty of menacing despite knowing that the charge was retaliatory and denied him the right to call a witness. *See id.*, p. 6. In Count Three, Plaintiff complains that Defendant Ainsworth found him guilty of mutilating an official document "without any evidence" to support the charge and as a form of retaliation. *Id.*, p. 7. In Count Four, Plaintiff complains generally that he was issued a mattress with a "shank" sewn inside. *See id.*, p. 8. Finally, in Count Five, Plaintiff appears to allege a conspiracy by "Defendants" to violate his rights under the Fifth and Eighth Amendments. *See id.*, p. 8.

---

[2] Page citations herein reflect this court's CMECF pagination.

[3] Defendants' motion asserts that the allegations of retaliation raised in Count One fail to state a claim against Defendant Stoinsky and that the claim against Defendant Stoinsky should therefore be dismissed. *See* Defendants' Motion, pp. 4-5. However, Ms. Stoinsky is not a party to the pending motion, and the moving Defendants acknowledge that Ms. Stoinsky has not been served. *See id.*, p. 1, n.1. The undersigned has recently recommended dismissal of Defendant Stoinsky based on the lack of service. *See* Doc. No. 67.

**Standard of Review**

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6). Under this rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

Defendants also seek summary judgment. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted).

**Analysis**

**I. Count Two: Disciplinary Conviction for Menacing**

According to Plaintiff, the misconduct charge for menacing was based on an incident which occurred in September of 2011, while he was being transported back to LCF from court by Undersheriff Kevin Mitchell. Amended Complaint, p. 4. The transport stopped at Oklahoma State Reformatory (OSR), and while at that location, Plaintiff had a verbal altercation with an OSR employee who later alleged that Plaintiff threatened to kill her. *See id.*, pp. 4-5. Plaintiff denies that he made the comment and alleges that the resulting

misconduct charge for menacing was in retaliation for a previous lawsuit filed by Plaintiff. *See id.*

Plaintiff alleges that even though he told Defendant Bearden that the misconduct charge was false and retaliatory, Bearden found him guilty of menacing without allowing him to call Undersheriff Mitchell as a witness. *See* Amended Complaint, p. 6. Thus, Plaintiff claims that Defendant Bearden denied him both procedural and substantive due process. *See id.*[4] For the following reasons, the undersigned finds that even accepting these allegations as true, Defendant Bearden is entitled to summary judgment as a matter of law.

### A. **Procedural Due Process Requirement**

The Supreme Court has imposed narrow procedural protections for inmates facing disciplinary charges. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Procedural due process in a prison disciplinary hearing requires: 1) advance written notice of the disciplinary charges, 2) an opportunity for the inmate to call witnesses and present evidence when these procedures would not compromise institutional safety and goals, and 3) a written statement concerning the evidence relied on for disciplinary action. *See Wolff*, 418 U.S. at 564-66.

---

[4] In his Response, Plaintiff states that he appealed the misconduct and that a rehearing was ordered but has not occurred. *See* Plaintiff's Response, p. 3. But elsewhere, Plaintiff suggests that the disciplinary sanctions have been imposed. *See* Amended Complaint, pp. 6. 8. Because the status of his conviction is unclear, the undersigned has addressed the merits of Plaintiff's due process claims. The undersigned has not, however, considered Plaintiff's allegation that Defendant Chester is responsible for the lack of rehearing, which claim is raised for the first time in Plaintiff's response brief. *See* Plaintiff's Response Brief, pp. 10-11; *see also Bruner v. Baker*, 506 F.3d 1021, 1030 (10th Cir. 2007) ("Bruner's failure to raise [the] argument in either [the original or amended] complaint allows the district court discretion to ignore the argument.").

Defendants dispute Plaintiff's assertion that he requested Undersheriff Mitchell be called as a witness. *Compare* Amended Complaint, p. 6 & Plaintiff's Response Brief, p. 2, *with*, Defendants' Motion, p. 8. However, the dispute is not material because even accepting Plaintiff's allegation as true, Defendant Bearden is nonetheless entitled to summary judgment.

According to Plaintiff's own description of events, Undersheriff Mitchell was not present during Plaintiff's verbal exchange with the OSR employee. *See* Amended Complaint, p. 4. Indeed, Plaintiff explains that he wanted to call Undersheriff Mitchell as a witness so that the officer could attest to Plaintiff's general good behavior throughout the relevant day. *See* Plaintiff's Response, 1-2. Under these circumstances, the undersigned finds as a matter of law that procedural due process did not require Defendant Bearden to call Undersheriff Mitchell as a witness for Plaintiff.

A prisoner's right to call witnesses in a prison disciplinary hearing is not absolute. *See Wolff*, 418 U.S. at 566. Indeed, "the prisoner's request should . . . be denied if . . . the [witness's] testimony would be irrelevant, cumulative, or otherwise unnecessary . . . to a fair resolution of the matter." *Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991). Here, Undersheriff Mitchell did not witness the verbal encounter and could not have testified as to whether Plaintiff did nor did not make the threatening comments. Accordingly, his testimony regarding Plaintiff's behavior during the rest of the day would have been irrelevant. The undersigned finds therefore that Defendant Bearden is entitled to summary judgment on the procedural due process claim that he denied Plaintiff's request to call Undersheriff Mitchell

as a witness in Plaintiff's defense. *See*, *e.g., Jordan v. Wiley*, 411 Fed. Appx. 201, 209-10 (10th Cir. 2011) (disciplinary hearing officer's refusal to allow prisoner to call witness who was not present during alleged incident was not a due process violation in light of the irrelevancy of that witness's statement); *Vasquez v. Ley*, No. 95-1134, 1995 WL 694149, at *2 (10th Cir. Nov. 24, 1995) (unpublished op.) (affirming the granting of summary judgment on claim that prisoner was denied disciplinary hearing witness where that witness's testimony would have been irrelevant).

### B. <u>Substantive Due Process Requirement</u>

Plaintiff also alleges a violation of substantive due process, claiming that he told Defendant Bearden the misconduct charge was false and retaliatory. *See* Amended Complaint, p. 6. Again, the undersigned recommends granting summary judgment to Defendant Bearden.

In some circumstances, false disciplinary charges can amount to a violation of substantive due process if the charges were brought in retaliation for the exercise of a constitutional right. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Northington v. McGoff*, No. 91-1252, 1992 WL 149918, at *4 (10th Cir. June 25, 1992) (unpublished op.) (citing *Sprouse* with approval). However, where there is some evidence of the inmate's actual guilt of the underlying charge, there is no due process violation based on the alleged retaliation. *See O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011); *Love v. Daniels*, No. 12-cv-0306, 2012 WL 6923719, at *8 (D. Colo. Oct. 31, 2012) (unpublished report and recommendation) (rejecting prisoner's claim involving conviction of a retaliatory misconduct

on grounds that there was some evidence inmate was actually guilty of underlying charge), *adopted*, 2013 WL 247778 (D. Colo. Jan. 23, 2013) (unpublished op.).

In the instant case, Defendant Bearden found Plaintiff guilty based on the OSR officer's statement that Plaintiff said "I will kill you . . . bitch." Defendants' Motion, Att. 3, 7. This statement constitutes "some evidence" of Plaintiff's guilt of menacing. *See Mitchell v. Howard*, 419 Fed. Appx. 810, 816 (10th Cir. 2011) (noting that "some evidence" is "*any* evidence . . . that could support" a finding of guilt and that prison employee's statement implicating the prisoner "easily satisfies the 'some evidence' requirement").

Because the record establishes "some evidence" that Plaintiff actually committed the offense of menacing, Plaintiff's allegations of retaliation fail to state claim for violation of due process. Accordingly, the undersigned finds that Defendant Bearden is entitled to summary judgment with respect to the claim against him in Count Two.

## II.  Count Three:  Disciplinary Conviction for Mutilating an Official Document

In Count Three, Plaintiff admits that "in frustration [he] tore up and flushed [the investigator's] report" related to the misconduct charge of menacing. Amended Complaint, p. 6. As a result of his actions, Plaintiff was charged with a second offense of mutilating an official document. *See id.*, p. 7; *see also* Defendants' Motion, Att. 8. This charge requires evidence of "mutilating official documents." Amended Complaint, p. 7.[5] According to Plaintiff, Defendant Ainsworth violated his due process rights by finding Plaintiff guilty

---

[5]*See also*  http://www.doc.state.ok.us/offtech/060125aa.pdf  (Acts Constituting Rule Violations, OP-060125, Att. A, p. 2).

without "any evidence." *See id.* Plaintiff also suggests a retaliatory motive to the finding of guilt. *See id.* The undersigned recommends granting Defendant Ainsworth summary judgment on this claim.

To comply with due process requirements, a prisoner's disciplinary conviction must be supported by "some evidence." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985). As noted, Plaintiff admitted to Defendant Ainsworth that he tore up the investigator's report. *See* Defendants' Motion, Att. 8. Evidence of this admission certainly constitutes "some evidence" of his guilt, a fact not altered by Plaintiff's belief that the document was not "official" because it contained false statements. And, as discussed above, because there was "some evidence" to support the conviction, Plaintiff's related claim that Defendant Ainsworth's finding of guilt was retaliatory and violative of due process must also fail. Accordingly, Defendant Ainsworth is entitled to summary judgment on Count Three.

### III. Count Four: The Discovery of a Shank in Plaintiff's Bedding

Plaintiff alleges that he discovered a "shank" sewn inside a mattress issued to him at LCF. Amended Complaint, pp. 7-8. Plaintiff suggests that the "shank" may have been planted by prison officials. Plaintiff's Response, p. 5; Plaintiff's Response Brief, p. 1. The undersigned concludes that Defendants Ainsworth, Bearden and Chester are entitled to dismissal without prejudice in the absence of any allegations of personal participation by these Defendants.

Personal participation is an essential element for individual liability under Section

1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Thus, Plaintiff is required to plead how each Defendant, through his or her "own individual actions, . . . violated the Constitution." *Ashcroft*, 556 U.S. at 676. The undersigned finds a complete absence of such allegations here. That is, Plaintiff does not allege that Defendants Ainsworth, Bearden or Chester issued him the mattress or had any knowledge of the alleged "shank" in the mattress. *See* Amended Complaint, pp. 7-8. Plaintiff's suggestion that Defendant Chester is "legally responsible for the operation of [LCF]"[6] is insufficient to link this party to the alleged violation. *See Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (finding that "'it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" (citation and internal ellipses omitted)). Accordingly, Defendants Ainsworth, Bearden and Chester are entitled to dismissal without prejudice as to the claim raised in Count Four.

## V. Count Five: Conspiracy

In Count Five, Plaintiff alleges that Defendants have "acted as a cohesive force" and "in a common enterprise" to violate the Constitution. Amended Complaint, p. 8. The undersigned has liberally construed this statement as a claim of conspiracy and finds that such general allegations fail to state a valid claim for relief. Thus, Defendants Ainsworth,

---

[6]Amended Complaint, p. 3; *see also* Plaintiff's Response Brief, p. 1.

Bearden and Chester are entitled to be dismissed without prejudice with respect to the claims in Count Five.

Plaintiff's allegation in its entirety states:

> Taken as a whole, the Defendants have acted as a cohesive force, in a common enterprise to violate the Plaintiff's 5th and 8th amendments with deliberate indifference, maliciously and sadistically, with false misconduct reports and no due process in the Kangaroo court.

Amended Complaint, p. 8. Plaintiff then offers the following as supporting facts:

> Taken as a whole the facts supporting these allegations in these amended, and supplemental pleadings show the Plaintiff's 5th amendment right to be free from twice being put in jeopardy of life or limb, and his 8th amendment right to be free from cruel and unusual punishments, have been violated, as the Defendants punish the Plaintiff for being sent to prison, in any way they can dream up to torment and aggravate the Plaintiff, without excusable or justifiable cause, with the arbitrary and purposeless use of their authority . . .!

*Id.*

These allegations fail to state a valid claim for relief against Defendants Ainsworth, Bearden and Chester. First, Plaintiff did not accuse any of these Defendants of violating the Fifth Amendment's Double Jeopardy Clause, or the Eighth Amendment's prohibition on cruel and unusual punishment. *See* Amended Complaint, *passim*. Absent allegations of acts committed by each individual, these Defendants have not been shown to have conspired together in a "cohesive force."

Second, to state a valid claim for relief based on conspiracy a plaintiff "'must allege specific facts showing an agreement and concerted action amongst the defendants . . . .'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) (citing *Tonkovich v. Kansas Bd. of*

10

*Regents*, 159 F.3d 504, 533 (10th Cir. 1998)).  Here, Plaintiff's rambling and general statements regarding a conspiracy are too conclusory to suffice.  *See id.* (noting that conclusory allegations of conspiracy do not state a valid claim for relief).  Thus, the undersigned recommends dismissing Defendants Ainsworth, Bearden and Chester without prejudice from the claims raised in Count Five.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Defendants' Motion [Doc. No. 42] be granted.  Specifically, the undersigned recommends:  1) granting Defendant Bearden summary judgment as to Claim Two; 2) granting Defendant Ainsworth summary judgment as to Claim Three; and 3) dismissing Defendants Ainsworth, Bearden and Chester without prejudice from claims raised in Counts Four and Five.  Adoption of this recommendation would terminate Defendants Ainsworth, Bearden and Chester as parties.

The parties are advised of their right to object to this Report and Recommendation by February 28, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 8th day of February, 2013.

*(signature)*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE