**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DALE E. HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-12-0449-HE |
| ) | |
| JAMES RUDEK, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Dale Harper, a state prisoner appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983, asserting claims against employees of the Department of Correction ("DOC") and the Lawton Correctional Facility ("LCF"). Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Bana Roberts for initial proceedings. She has issued three Reports and Recommendations to which plaintiff has filed objections.

The magistrate judge initially recommends the dismissal of Defendants Rudek, Brashears and Stoinsky[1] because plaintiff failed to serve them within 120 days. She states in her Report and Recommendation [Doc. #67], that service papers filed in the action show that plaintiff's initial attempt to serve these defendants was unsuccessful, as Rudek and Brashears are no longer prison employees and defendant Stoinsky was on administrative leave, and that plaintiff had apparently not attempted to locate them. She concluded the record did not reflect that "good cause" existed for an extension of time as plaintiff's claims against these

---

[1]Although defendant Stoinsky's name is spelled "Stoinski" in some pleadings, the court has used the spelling found in the Report and Recommendation.

individuals, if reasserted, would not be barred by the statute of limitations and there was no evidence in the record that the defendants were avoiding service.

In his objection plaintiff asserts that, after he learned that his attempted service was unsuccessful,[2] he requested the production of the personnel files of defendants Brashears and Stoinsky so he could serve them, but defendants sought a protective order and then moved for dismissal for lack of service. Defendants Brashears and Stoinsky did not move to dismiss[3] and it is unclear when, if ever, plaintiff requested production of their personnel files. A document production request asking for that information is attached to plaintiff's motion to compel [Doc. #59-5], filed on December 7, 2012, but not to defendants' motion for protective order [Doc. #43], filed more than a month earlier. Regardless, plaintiff acknowledges that on December 14, 2012, defendants' attorney mailed him the last known address for Brashears and informed him that Stoinsky was once again working at the Lawton Correctional Facility. *See* Doc. #72-1. Plaintiff states that he then "notified the Clerk for Service of Process, even though the 120 days had expired ... [but] [n]o response was tendered for the Plaintiff." Objection, p. 1. The docket sheet reflects that plaintiff sent the court clerk a letter dated December 19, 2013.[4] *See* Doc. #65. In it plaintiff states "the address provided to the Plaintiff for defendant, Vincent Brashears, by LCF attorney is . . . ." *Id.* He also

---

[2]The unexecuted process return was filed on September 19, 2013 [Doc. #24].

[3]*Other defendants in the case filed a motion to dismiss/motion for summary judgment. See Doc. #42. The Report and Recommendation constituted the required notice to plaintiff of the proposed dismissal. See Fed.R.Civ.P.4(m).*

[4]The letter was filed on January 2, 2013.

states "[t]he Clerk might also have the Marshals try the local jails." *Id.* Plaintiff does not mention Stoinsky in the letter. On February 21, 2003, after the magistrate judge issued her Report and Recommendation, plaintiff filed a motion requesting an extension of time to serve Brashears and Stoinsky. Doc. #71.

Plaintiff contends that if defendants Brashears and Stoinsky are dismissed, he cannot file any more complaints *in forma pauperis* because three strikes have been assessed against him. He also asserts, without explanation, that he will not be able to refile before the statute of limitations has run.

While plaintiff can, despite the strikes, bring another civil action if he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), his claims against defendants Rudek, Brashears and Stoinsky do not meet that standard. So, he would be barred from filing another lawsuit based on the same allegations. However, that inability is the result of plaintiff's abuse of the judicial system. The statute of limitations would not prevent plaintiff from suing them again. *See* Report and Recommendation, p.2 & n.2.

The pertinent rule Fed.R.Civ.P. 4(m), provides that

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As construed by the Tenth Circuit, Rule 4(m) "broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause." Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995). "Because a plaintiff who

shows good cause for failure to timely effect service is entitled to a mandatory extension of time, district courts must still preliminarily examine whether good cause for the delay exists." *Id.* at 841. If good cause is not shown, the court "must still consider whether a permissive extension of time may be warranted." *Id.*

In determining whether good cause has been shown the court "follow[s] the cases in this circuit that have guided that inquiry." *Id.* "[N]either actual notice to the defendant, lack of prejudice to the defendant, nor prejudice to the plaintiff, whose claims will be time-barred, constitute good cause for failing to comply with the time requirements of Rule 4(j)." Cloyd v. Arthur Andersen & Co., Inc., 25 F.3d 1056 (Table), at *2 (10th Cir. 1994).[5] *See* Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994) ("The relevant standard under Rule 4(j) is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named. The standard is whether plaintiffs have shown 'good cause' for their failure.") (internal quotations omitted).

Here, plaintiff attempted service and then informed defendants either through a discovery request or a motion to compel that he was seeking to obtain the information needed to locate and properly serve Stoinsky and Brashears. He was provided with defendants' addresses in mid-December and sent the clerk Brashears', but not Stoinsky's, address. Plaintiff did not, though, request the forms which he had to complete to have the summonses

---

[5]*Fed.R.Civ.P. 4(j) "was amended and recodified in 1993 and is now Fed.R.Civ.P. 4(m)." Espinoza, 52 F.3d at 840.*

4

reissued and served,[6] but apparently expected the clerk to complete the necessary paperwork. Months earlier, when the action was first filed, the magistrate judge issued an order stating that "in order for service to be effected, the necessary service papers must be completed by Plaintiff and furnished to the Clerk of the Court for processing and issuance." Doc. #12. Plaintiff completed and returned the "Pro Se Litigant's Request for Issuance of Summons" in July 2012. *See* Doc. #17. Other than notify the court clerk of Brashears' address, plaintiff took no action to attempt to serve Brashears or Stoinsky until after the magistrate judge had recommended that the defendants be dismissed for lack of service. On February 21, 2013, he filed his motion for an extension.[7]

In these circumstances the court concludes plaintiff has not shown good cause for his failure to serve defendants Stoinsky[8] and Brashears. *See* Despain, 13 F.3d at 1438 ("[T]he 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.") (internal quotations omitted). As for defendant Rudek, plaintiff did not request information through discovery regarding his current address and mentions him only in passing in his objection to the Report

---

[6]*Local court rule 3.1 provides that "[p]ro se litigants are also required to complete the form furnished by the Court for issuance of summons." While plaintiff might otherwise not have been aware of the local rule, the "pro se litigant's request for issuance of summons" form which he had completed in July 2012 [Doc. #17], in order to have summons issued, specifies that the request is "Required by LCvR 3.1."*

[7]*The court also notes that while plaintiff is proceeding pro se, he is not an inexperienced litigator. In the past three years plaintiff has filed multiple lawsuits in this district.*

[8]*As was noted previously, plaintiff did not mention Stoinsky in his December 19, 2012, letter to the court clerk [Doc. #65].*

and Recommendation. Good cause has not been shown with respect to plaintiff's failure to serve him, either.

The more difficult question is whether the court should extend the time for service. Factors considered in this regard are whether the refiled action would be untimely and whether the defendants would be prejudiced by the delay in service. Plaintiff's inability to refile based on his three strikes has already been discussed. That does not weigh in his favor as the restriction was self-inflicted. As the action has been pending for almost a year, defendants might be prejudiced by the passage of time. The court assumes defendant Stoinsky learned of it when she returned from deployment, *see* objection, attachment 1, but that apparently was not until late fall. *See* Doc. #42, p.1, n.1 (as of 10/31/12, Ms. Stoinsky was deployed in Afghanistan). Defendants Brashears may still be unaware of the lawsuit.

Plaintiff could have asked the court for an extension of time within which to effect service when the summonses were returned unexecuted in October or when he learned of defendants' current addresses. However, he did not do so until after the magistrate judge suggested that his claims against the unserved defendants be dismissed, approximately two months after he sent the court clerk Brashears' address. Taking all these factors into account, the court finds plaintiff has not "demonstrate[d] excusable neglect that might warrant an extension of the time for service," Cloyd, 25 F.3d 1056 at *2. Therefore it declines to exercise its discretion and extend the time for service. Plaintiff's claims against defendants Rudek, Brashears and Stoinsky will be dismissed without prejudice.

As the issue was close, though, with respect to defendant Brashears, the court notes

that, even if it had decided to allow plaintiff additional time to serve Brashears, plaintiff's claims against him still would have been dismissed.  Brashears was only named in Counts 4 and 5 of the complaint and the court's rationale, discussed below, for dismissing those claims as to the other defendants is equally applicable to him.

In her Report and Recommendation issued on February 8, 2013 [Doc. #68], the magistrate judge addresses a motion to dismiss/for summary judgment filed by LCF employees Bearden, Ainsworth and Chester.  She recommends that defendant Bearden be granted summary judgment on the claim alleged in count two, that defendant Ainsworth be granted summary judgment on the claim alleged in count three and that the claims alleged against all three defendants in counts four and five be dismissed without prejudice.  Plaintiff has filed an objection to the Report and Recommendation.

In his complaint plaintiff alleges in count one that defendants McCullom and Nagel filed a false misconduct for menacing against him in retaliation for his filing grievances which led to the filing of another federal lawsuit; in count two that defendants Stoinsky and Bearden denied him the right to call a witness at a disciplinary hearing and Bearden improperly found him guilty of menacing; in count three that defendant Ainsworth retaliated against plaintiff and found him guilty of mutilating an official document in the absence of any evidence to support the charge; in count 4 that he was issued a mattress that had a shank sewn inside it; and in count five that the defendants conspired to violate his Fifth and Eighth Amendment rights.

The magistrate judge rejected plaintiff's claim in count two that defendant Bearden

had denied him procedural and substantive due process, finding that the testimony of the witness plaintiff was not allowed to call would have been irrelevant and that, because there was some evidence of plaintiff's actual guilt of the charged misconduct, there was no substantive due process violation based on the charge being retaliatory.[9] As plaintiff admitted the conduct that was the basis for the misconduct charge of mutilating an official document, the magistrate judge recommended that defendant Ainsworth be granted summary judgment on plaintiff's claim in count three. She concluded that "because there was 'some evidence' to support the conviction, Plaintiff's related claim that Defendant Ainsworth's finding of guilt was retaliatory and violative of due process must also fail." Report and Recommendation, p. 8. The magistrate judge determined that plaintiff's claim in count four, based on his alleged discovery of a shank in his mattress, should be dismissed without prejudice as to defendants Ainsworth, Bearden and Chester due to the absence of any allegations of personal participation by the defendants, which are required to establish individual liability under § 1983. Finally, the magistrate judge recommended that, because plaintiff's allegations of conspiracy in count five were too general and conclusory to state a conspiracy claim, count five should be dismissed as to the moving defendants without prejudice.

---

[9]*Although plaintiff asserts in his objection that his due process rights were violated because a rehearing was ordered but none was held, the court agrees with the magistrate judge that plaintiff cannot assert a new claim in his response to defendants' motion to dismiss/for summary judgment that was not included in his complaint. See Report and Recommendation, p. 4 n.4. To the extent plaintiff claims there were other procedural errors related to the misconduct report, the court finds they would not affect the magistrate judge's analysis of plaintiff's due process claim, which the court finds to be correct.*

In his objection plaintiff challenges the magistrate judge's recommendations as to each of his claims. Having conducted a *de novo* review, the court agrees with her analysis and conclusions that summary judgment should be entered in favor of defendant Bearden on the claim asserted against him in count two and in favor of defendant Ainsworth on the claim asserted against him in count three and that the claims alleged against all three defendants in counts four and five should be dismissed without prejudice.

In the last final Report and Recommendation [Doc. #69], Magistrate Judge Roberts recommends that the motion to compel filed by plaintiff and motion for protective order filed by defendants Ainsworth, Bearden and Chester be denied as moot. She states that, having reviewed "Plaintiff's responses and requested discovery" she "concluded that nothing in the request would have affected the recommended disposition of the LCF Defendants' motion." Report and Recommendation, p. 1.

In his objection plaintiff does not explain why he needs the requested information but instead argues the merits of his claims. The court finds no basis for concluding the magistrate judge erred in her determination regarding the discovery motions and will dismiss them as moot.

Accordingly, the court **ADOPTS** the Reports and Recommendations of Magistrate Judge Roberts [Doc. Nos. 67-69] and dismisses plaintiff's claims against defendants Rudek, Brashears and Stoinsky without prejudice. Plaintiff's motion requesting an extension of time to serve Brashears and Stoinsky [Doc. #71] is **DENIED** as being moot. The court also **GRANTS** summary judgment in favor of defendant Bearden on the claim alleged against

him in count two of the complaint, **GRANTS** summary judgment in favor of defendant Ainsworth on the claim alleged against him in count three and dismisses without prejudice the claims alleged against defendants Bearden, Ainsworth and Chester in counts four and five. Finally, plaintiff's motion to compel [Doc. #59] and defendants' motion for protective order [Doc. #43] are **DENIED** as being moot.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE