IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-449-HE |
| ) | |
| JAMES RUDEK, Warden of ) | |
| OSR; NINA NAGEL-SILVA, ) | |
| Correctional Officer; OFFICER ) | |
| STOINSKY, Correctional Officer; ) | |
| SERGEANT BEARDEN, ) | |
| Correctional Officer; MR. ) | |
| AINSWORTH, Case Manager; ) | |
| SGT. BRASHEARS, Head of ) | |
| Segregation; WARDEN ) | |
| CHESTER; and TRACY ) | |
| McCOLLOM, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON DEFENDANTS'
McCOLLUM AND NAGEL-SILVA'S MOTION TO DISMISS**

Invoking 42 U.S.C. § 1983, Plaintiff sues state prison officials in their individual capacities. Docs. 1, 66. United States District Judge Joe Heaton referred this matter for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C), and it is now before the undersigned Magistrate Judge. Defendants McCollum and Nagel-Silva move for dismissal, Doc. 70, and Plaintiff has responded, Doc. 99. After independently reviewing the complaint and considering the parties' pleadings, the undersigned recommends that the Court

dismiss Plaintiff's claims against Defendants McCollum and Nagel-Silva with prejudice.

**I.     Background.**

Plaintiff filed suit against eight individuals. Doc. 1, at 1-3. The Court has already dismissed Defendants Rudeck, Stoinski and Brashears based on Plaintiff's failure to effect timely service. Docs. 67, 84. The Court has also granted summary judgment to Defendants Bearden, Ainsworth and Chester. Docs. 68, 84. Accordingly, the only remaining claims involve Defendants McCollum and Nagel-Silva.

Plaintiff alleges that these two individuals violated his First Amendment rights when they conspired to issue a false misconduct report in retaliation for his filing grievances in support of a federal lawsuit – CIV-11-995-HE. Doc. 1, at 4.

**II.    Standard for dismissal.**

Defendants urge dismissal for failure to state a valid claim. Doc. 70, at 1-3. And, because Plaintiff is proceeding in forma pauperis, Doc. 12, and has sued government officials, the Court has an independent responsibility to determine if the cause of action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

Under Fed. R. Civ. P. 12(b)(6), Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

### III. Plaintiff's retaliation claims.

As noted above, Plaintiff alleges that Defendants McCollum and Nagel-Silva filed a false misconduct charge against him to punish him for filing grievances. Those grievances allegedly supported a lawsuit filed in this court, CIV-11-995-HE.

Defendants seek dismissal on grounds that Plaintiff has not alleged specific enough facts to state a valid claim for relief. Doc. 70, at 3-4. The undersigned agrees, but finds that dismissal is warranted with prejudice on other grounds.

Plaintiff enjoys a First Amendment right to "petition the Government for a redress of grievances." U.S. Const. amend. 1; *see also Bounds v. Smith*, 430

U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). And, "[i]t is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (citation omitted). However, "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons . . . merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Therefore, Plaintiff must allege "specific facts" showing that "'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Id.* (citation omitted).

Defendants McCollum and Nagel-Silva seek dismissal because Plaintiff has failed to allege that either had knowledge that he had filed grievances or a lawsuit. Doc. 70, at 4. As Defendants note, Plaintiff filed his grievances and lawsuit while housed at the Lawton Correctional Facility and the incident with Defendants McCollum and Nagel-Silva occurred during a transfer stop at the Oklahoma State Reformatory. *Id.* at 4; *see also* Doc. 1, at 4. And, neither Defendant was named in Plaintiff's lawsuit, CIV-11-995-HE. Doc. 70, at 4 & n.2; *see also* CIV-11-995-HE, Docs. 1, 69.

4

Plaintiff's lack of factual details provides grounds for dismissal. *See Craft v. Middleton*, No. CIV-11-925-R, 2012 WL 3903424, at *2 (W.D. Okla. Aug. 20, 2012) (unpublished recommendation) (recommending dismissal of plaintiff's retaliation claim in part based on a lack of allegation that defendant had any knowledge that plaintiff had actually engaged in a constitutional activity), *adopted*, 2012 WL 3872012 (W.D. Okla. Sept. 6, 2012) (unpublished order), *affirmed*, 2013 WL 1490918 (10th Cir. Apr. 12, 2013) (unpublished slip op.); *Thomas v. Parker*, No. CIV-07-599-W, 2008 WL 2894842, at *18 (W.D. Okla. July 25, 2008) (dismissing plaintiff's retaliation claim in part based on the prisoner's failure to allege "what knowledge, if any, the Defendants in this action had concerning the lawsuit" which was alleged basis for the retaliation), *affirmed*, 318 F. App'x. 626, 627 (10th Cir. 2009). However, reliance on this argument requires dismissal without prejudice and leave to amend. *See Gee*, 627 F.3d at 1196 (reversing the district court's dismissal with prejudice of prisoner's claim which "'was missing some important elements'" to state a valid claim for relief and holding that plaintiff should have been granted leave to amend) (citation omitted).

On screening, the undersigned finds that dismissal with prejudice is more appropriate because Plaintiff has otherwise failed to establish a triable issue on the retaliation claims.[1]

"[A] prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011); *see also Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006) ("Conduct violations cannot be deemed retaliatory when they were issued for actual violations of prison rules. Therefore, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' that the inmate actually committed a rule violation." (citation omitted)).

---

[1] Arguably, Plaintiff's claims of retaliation and conspiracy would also be premature under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), which together prohibit the court from addressing a claim for damages if judgment in Plaintiff's favor would necessarily imply the invalidity of the misconduct conviction. *See Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006) ("Because, however, a judgment in Miller's favor on his retaliation claim would necessarily imply the invalidity of his disciplinary convictions, Miller must first successfully challenge those disciplinary convictions in a habeas proceeding before proceeding on his § 1983 claim." (citing *Edwards*, 520 U.S. at 648 and *Heck*, 512 U.S. at 487)). However, because dismissal with prejudice is warranted on other grounds, the undersigned has not addressed this potential prematurity.

Defendants charged Plaintiff with "menacing." Doc. 1, at 4. And, the Court has already found that there was "some evidence" that Plaintiff actually engaged in that behavioral violation when he told Defendant Nagel-Silva that "'I will kill you . . . bitch.'" Docs. 68, at 6-7; Doc. 84. Accordingly, Plaintiff cannot prove that "but for" Defendants' retaliation, he would not have been charged with a rule infraction. *See O'Bryant*, 637 F.3d at 1216 ("Because he was guilty of the disciplinary charges resulting in the disciplinary harm at issue, O'Bryant's retaliation claim fails."); *Love v. Daniels*, No. 12-cv-306-WJM-MEH, 2012 WL 6923719, at *9 (D. Colo. Oct. 31, 2012) (unpublished recommendation) ("[B]ecause Petitioner was convicted of the charges in IR. 2170548 and there was evidence in the record to support the disciplinary conviction, his retaliation claim fails."), *adopted*, 2013 WL 247778 (D. Colo. Jan. 23, 2013) (unpublished order).

Plaintiff cannot cure this defect through amendment; consequently, the undersigned recommends that on screening, the court dismiss the retaliation claims with prejudice. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) ("[D]espite the discretionary policy on freely permitting leave to amend, . . . a dismissal with prejudice is appropriate 'where the complaint fails to state a claim . . . and granting leave to amend would be futile[.]'" (citations and original internal brackets omitted)); *see also Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (agreeing that pro se inmate had failed to state a valid

claim for relief and holding that "[b]ecause no amendment could cure [the] defect, it was appropriate for the district court to dismiss the complaint with prejudice").

## IV. Plaintiff's conspiracy claims.

Plaintiff alleges that Defendants McCollum and Nagel-Silva conspired to retaliate against him by working "together as a cohesive force in a common enterprise." Doc. 1, at 4. Defendants seek dismissal based on the conclusory and vague nature of Plaintiff's conspiracy allegations. Doc. 70, at 5. This defense is valid, *see Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010), but reliance on it would require dismissal without prejudice and allowance of amendment. *See Gee*, 627 F.3d at 1196. The undersigned finds that amendment would ultimately be futile however, because Plaintiff has otherwise failed to establish a triable issue on grounds of conspiracy.

To prove a conspiracy, Plaintiff must establish not only the existence of the conspiracy but also the deprivation of a constitutional right. *See Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). As discussed above, Plaintiff's retaliation claims should be dismissed with prejudice. Thus, "[s]ince an essential element of the conspiracy claim is absent, the allegation fails." *Id.*; *see also Berry v. Oklahoma*, 495 F. App'x 920, 922 (10th Cir. 2012) ("And because Berry has not established a constitutional violation, his § 1983 conspiracy claim

also fails."). Accordingly, the undersigned recommends that on screening, the Court dismiss Plaintiff's conspiracy claims with prejudice.

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends dismissing Plaintiff's retaliation and conspiracy claims against Defendants McCollum and Nagel-Silva with prejudice. Adoption of this recommendation will result in the complete termination of every named defendant.

Plaintiff is advised of his right to file an objection to the report and recommendation with the Clerk of this Court by the 19th day of September, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 30th day of August, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE