# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALE E. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-12-0449-HE |
| | ) | |
| JAMES RUDEK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Dale Harper, a state prisoner appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983, asserting claims against employees of the Department of Corrections ("DOC") and the Lawton Correctional Facility ("LCF"). The court has resolved all claims except for plaintiff's First Amendment claims against defendants Nina Nagel-Silva and Tracy McCollum. Plaintiff alleges that defendants Nagel-Silva and McCollum violated his First Amendment rights by filing a false misconduct report (for menacing) in retaliation for "the filing of grievances which led to the filing of civ-11-995-HE."[1] Doc. #1, p. 4. Consistent with 28 U.S.C. §636(b)(1)(B),(C) the matter was referred for initial proceedings to U. S. Magistrate Judge Suzanne Mitchell who, having conducted a 28 U.S.C. § 1915A review, has recommended that plaintiff's claims against defendants Nagel-Silva and McCollum be dismissed with prejudice. Plaintiff has filed an objection to the Report and Recommendation.

---

[1] In his objection plaintiff states that the asserted retaliation was due to plaintiff's "exposing/attempting to expose the widespread drug/tobacco/cellphone sales at OSR . . . ." Doc. #106, p. 3. Plaintiff cannot, in an objection to a Report and Recommendation, change the basis of his claims to avoid their dismissal.

Relying on O'Bryant v. Finch, 637 F.3d 1207 (11th Cir. 2011), *cert. denied*, 133 S. Ct. 445 (2012) and Moots v. Lombardi, 453 F.3d 1020 (8th Cir. 2006), the magistrate judge concluded plaintiff could not prevail on his retaliation claims because he was convicted of the violation underlying the asserted false disciplinary report and the court previously found that there was "some evidence" to support defendant's commission of that infraction. As that defect could not be cured through amendment of the complaint, the magistrate judge recommended that plaintiff's First Amendment claims be dismissed with prejudice.[2] The magistrate judge also noted that plaintiff's First Amendment claim might be premature under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). Plaintiff responds to the Report and Recommendation, essentially challenging his disciplinary conviction.

The court agrees with the magistrate judge that plaintiff's claims against Nagel-Silva and McCollum should be dismissed, but concludes it should be on the basis of Heck and Edwards.[3] The claims will therefore dismissed unless he shows, within 14 days, that the

---

[2]*In her Report and Recommendation the magistrate judge addressed a conspiracy claim, presumably based on plaintiff's allegation in his complaint that defendants Nagel-Silva and McCollum "worked together as a cohesive force in a common enterprise, and filed a false misconduct report . . . ." Doc. #1, p. 4. In his objection plaintiff states that he is not alleging a conspiracy . Doc. #106, p. 2. The court therefore only addresses plaintiff's retaliation claim.*

[3]*When deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court cannot consider evidence or allegations outside the complaint. It is reluctant, therefore, to dismiss plaintiff's claims against defendants Nagel-Silva and McCollum on the basis of a conclusion reached in an earlier ruling on a summary judgment motion filed by another defendant (the conclusion being that there was some evidence to support defendant's disciplinary conviction for menacing).*

disciplinary conviction has been invalidated.[4] As the Tenth Circuit stated in Brown v. Cline, 319 Fed. Appx.704 (10th Cir. March 26, 2009): "Plaintiff's claims that the disciplinary reports against him were false and retaliatory . . . are claims that necessarily implicate the validity of the disciplinary charge[] and the sanctions imposed, including the loss of good-time credits.[5] Heck and Edwards make clear that Plaintiff does not have a cognizable § 1983 claim under these circumstances unless he can show that the disciplinary conviction[] [has] been invalidated." *Id.* at 705-06.

Accordingly, having conducted a *de novo* review of plaintiff's claims against defendants Nina Nagel-Silva and Tracy McCollum, those claims are dismissed unless, within fourteen days, plaintiff demonstrates to the court that the disciplinary conviction on which he bases his retaliation claims has been invalidated.

**IT IS SO ORDERED**.

Dated this 6th day of November, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4]*In light of the different ground for dismissal, the dismissal is without prejudice.*

[5]*Plaintiff alleged in his complaint that sanctions imposed for the disciplinary conviction involved the loss of earned credits. Doc. #1, p. 8.*